UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

SEP 23 1998

CARLOS JUENKE
CLERK, USDC/SDFL/MIA

OMAR PEREZ,

    Plaintiff,

v.

MARDEL ENTERPRISES, INC.,

    Defendant.

Case No. 98-2257

CIV-MIDDLEBROOKS

COMPLAINT

MAGISTRATE JUDGE
DUBÉ

This is an action under the Americans With Disabilities Act (ADA) to correct unlawful employment practices on the basis of disability and/or perceived disability and to make whole Omar Perez.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5, as incorporated by 42 U.S.C §12117(a), and 28 U.S.C. §§1331, 1337, 1343 and 1345.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

## PARTIES

3. Plaintiff, Omar Perez, is a resident of Dade County, Florida. Mr. Perez is a qualified individual with a disability, as defined by the ADA, because at all relevant times he was qualified to perform the essential functions of his job, either with or without a reasonable



WHELAN & DeMAIO p.a. • 1401 Brickell Avenue, Suite 500 • Miami, FL 33131 • TEL: (305) 374-0506

accommodation. Mr. Perez is also protected by the ADA because, at all relevant times, the Defendant regarded him as having a disability.

4. Mr. Perez was employed by the Defendant from about May 1988 until he was fired on April 3, 1995.

5. Defendant, Mardel Enterprises, Inc., is a Florida corporation for profit licensed to conduct business in the State of Florida and conducts business in the City of Miami, Florida, in Dade County.

6. At all times relevant to this action, Defendant employed in excess of 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5).

## STATEMENT OF CLAIMS

8. On or about September 19, 1995, the Plaintiff filed a charge of discrimination against the Defendant, alleging discrimination based on disability, with the Equal Employment Opportunity Commission. The charge was assigned number 150953762 by the EEOC.

9. On May 15, 1997, the EEOC issued a Letter of Determination, finding that the Defendant had violated the ADA by discharging Mr. Perez because the Defendant regarded him as having a disability.

10. On July 9, 1998, the EEOC issued its Notice of Right to Sue to Mr. Perez when the EEOC was unable to conciliate this issue with the Defendant.

11. All conditions precedent to this action have been fulfilled.

12. Mr. Perez was employed by the Defendant since about May 1988 as a warehouse worker.

13. On or about July 7, 1994, Mr. Perez was injured while at work. Mr. Perez suffered from traumatic spinal injuries.

14. On several occasions, Mr. Perez attempted to return to work, but was sent home by the Defendant.

15. On April 3, 1995, Mr. Perez reported to work. The Defendant refused to allow Mr. Perez to return to work, and fired him.

16. After his discharge, Mr. Perez sought unemployment benefits. The Florida Department of Labor and Employment Security found that the Defendant refused to allow Mr. Perez to return to work.

17. Mr. Perez was a qualified individual with a disability in that he suffered from a back injury that substantially limited major life activities such as the ability to stand for long periods of times and to lift certain objects. Mr. Perez was qualified for the job, because he had held it for more than six years, and was able to perform the essential functions of the job either with or without a reasonable accommodation.

18. The Defendant regarded Mr. Perez as having a disability because it believed that he suffered from a disability and could not perform the functions of the job.

19. The Defendants did not, and refused, to discuss reasonable accommodations with Mr. Perez.

20. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status because of disability or perceived disability. Specifically, Plaintiff has lost wages, been discharged and suffered compensatory damages because of Defendant's conduct.

WHELAN & DEMAIO PA • 1401 Brickell Avenue, Suite 500 • Miami, FL 33131 • TEL: (305) 374-0506

21. The practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Order Defendant to make him whole under the ADA, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and by ordering rightful place reinstatement or, in lieu thereof, front pay.

B. Order Defendant to pay compensatory and punitive damages, in an amount to be determined at trial;

C. Award Plaintiff his attorneys' fees and costs.

D. Grant such other relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by his complaint.

Respectfully submitted,

*[signature]*
Stanley Kiszkiel, Esquire
Florida Bar No. 731153

Whelan & DeMaio, P.A.
1401 Brickell Avenue, Suite 500
Miami, Florida 33131
(305) 374-0506
Fax (305) 374-0456

# CIVIL COVER SHEET 98-2257

CIV-MIDDLEBROOKS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE DUBÉ**

**I (a) PLAINTIFFS**
Omar Perez

**DEFENDANTS**
Mardel Enterprises,

NIGHT BOX FILED
SEP 23 1998
CARLOS JUENKE
CLERK USDC/SDFL/MIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-Dade / 98 CV 2257 / Middlebrooks / Dube

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Stanley Kiszkiel Whelan & DeMaio, P.A.
1401 Brickell Ave., Suite 500
Miami, FL 33131 (305)374-0506

**ATTORNEYS (IF KNOWN)**
Susan Eisenberg
Akerman, Senteffitt & Edison, P.A.

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
(DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION**: ☒ 3. Federal Question

**IV. CAUSE OF ACTION**
Americans With Disabilities Act-discharge because of disability or perceived disability

**VI. ORIGIN**: ☒ 1 Original Proceeding

**DATE**: 9/23/98

Receipt No. 69484
Date Paid: 09/28/98
Amount: 150.00